GORDON SILVER
GREGORY E. GARMAN
Nevada Bar No. 6654
Email: ggarman@gordonsilver.com
WILLIAM M. NOALL
Nevada Bar No. 3549
Email: wnoall@gordonsilver.com
TERESA M. PILATOWICZ
Nevada Bar No. 9605
Email: tpilatowicz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666

Attorneys for KB Home Nevada Inc., Coleman-Toll
Limited Partnership, Pardee Homes of Nevada, Meritage
Homes of Nevada, Inc., and Beazer Homes Holding Corp.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>SOUTH EDGE, LLC<br><br>Debtor. | Bankruptcy Case No.: 10-32968-bam<br><br>Chapter 11 (Involuntary) |
| SOUTH EDGE, LLC, Appellant(s)<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK AND WELLS FARGO BANK, N.A., Appellee(s) | Civil Case No.: 2:11-cv-00240-PMP-RJJ<br><br>**EMERGENCY MOTION FOR LEAVE TO INTERVENE IN APPEAL** |

KB Home Nevada Inc., Coleman-Toll Limited Partnership, Pardee Homes of Nevada, Meritage Homes of Nevada, Inc., and Beazer Homes Holding Corp. (collectively, the "Builder Members"), hereby respectfully submit their Motion For Leave To Intervene In Appeal (the "Motion") in the above-referenced appeal (the "Appeal"). Because a recent non-binding case from the Tenth Circuit could be interpreted as placing the Builder Members' interests in this Appeal in jeopardy (even though they were protected less than three weeks ago in the underlying action), the Builder Members, who have collectively and concurrently filed their own notice of

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102738-001/1142913_7.doc

appeal, submit this Motion as a protective measure to ensure that their substantive rights are protected on appeal.

This Motion is made and based on the points and authorities listed herein, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby requested, and the argument of counsel entertained by the Court at the time of the hearing of the Motion.

DATED this 21 day of February, 2011

GORDON SILVER

By: /s/
GREGORY E. GARMAN, ESQ.
WILLIAM M. NOALL, ESQ.
TERESA PILATOWICZ, ESQ.
Attorneys for the Builder Members

# I.
# INTRODUCTION

On December 9, 2010, JPMorgan Chase Bank, N.A., Credit Agricole Corporate and Investment Bank, and Wells Fargo Bank, N.A. (collectively, the "Lenders"), three secured lenders to South Edge, LLC ("South Edge"), filed an involuntary chapter 11 petition against South Edge in the United States Bankruptcy Court for the District of Nevada. Over the objection of South Edge, the Bankruptcy Court, on February 3, 2011, entered an order granting the Lenders' petition (the "Relief Order") and further entered a separate order directing the appointment of a Chapter 11 trustee (the "Trustee Order," and together with the Relief Order, the "Orders"). South Edge appealed from both orders on February 8, 2011. In accordance with Federal Rule of Bankruptcy Procedure 8002(a), concurrently with the filing of this motion on February 21, 2011, the Builder Members filed their own notice of appeal. <u>This Court has already issued a briefing schedule in this Appeal, with South Edge's opening brief due March 4, 2011.</u>

The Builder Members believe that South Edge has the authority to prosecute this Appeal because it had and continues to have standing to challenge the propriety of Judge Markell's order forcing South Edge into bankruptcy against its wishes. Indeed, because only an alleged debtor

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102738-001/1142913_7.doc

2

generally has the right to oppose an involuntary petition, the Builder Members could not and did not file an answer to the involuntary petition.

Seven days ago, the United States Court of Appeals for the Tenth Circuit published its decision in C.W. Mining Co. v. Aquila, Inc. (In re C.W. Mining Co.), Nos. 10-4023 & 10-4033, 2011 WL 490666 (10th Cir. Feb. 14, 2011). In that case, the Tenth Circuit held that "following the appointment of a trustee in a corporate Chapter 7 bankruptcy, the corporation's former managers are not authorized to bring the corporation's appeal" challenging the legitimacy of an involuntary petition and that such appellate rights on behalf of the debtor may only be pursued by the Chapter 7 trustee. C.W. Mining Co., 2011 WL 490666, at *7. As set forth below, C.W. Mining Co. is distinguishable in many ways, including that it dealt with a Chapter 7 trustee and not a Chapter 11 trustee. Nonetheless, if the Tenth Circuit's reasoning were adopted here, South Edge could potentially be divested of its right to pursue this appeal.

The Builder Members hold membership interests in South Edge, and as such their interests were in alignment with South Edge both at the trial on the involuntary petition and with respect to the Lenders' additional request for the appointment of a Chapter 11 trustee. Thus, the Builder Members' interests were adequately represented and intervention at the trial court level would have been duplicative and inappropriate. Now, in the unlikely event the flawed logic of C.W. Mining Co. were adopted and used to deny South Edge standing to prosecute the appeal, the interests of the Builder Members would be unprotected absent the relief sought by way of this Motion. In the event a Chapter 11 trustee seeks to dismiss this Appeal by filing a motion to dismiss with this Court, absent the relief requested herein, the Builder Members and South Edge would be deprived of any meaningful appellate review of the rulings ordering South Edge into bankruptcy and placing a trustee in charge of its affairs.

The Builder Members have timely appealed both Orders. To the extent that their participation in this Appeal via a notice of appeal is determined not to be procedurally proper (which the Builder Members believe it is), the Builder Members request that they be permitted to intervene in the Appeal. As the Builder Members meet all requirements for both intervention as a matter of right and permissive intervention the relief requested herein is appropriate under the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102738-001/1142913_7.doc

3

unusual circumstances.

## II.
## STATEMENT OF RELEVANT FACTS AND PROCEDURE

1. The above-captioned appeal (the "Appeal") concerns (1) the February 3, 2011 entry of an Relief Order on an involuntary petition filed against South Edge by Lenders and (2) the February 3, 2011[1] Trustee Order. South Edge filed its <u>Notice of Appeal</u> on February 8, 2011, which initiated the Appeal. The opening brief in the Appeal is due March 4, 2011.

2. The Builder Members hold membership interests in South Edge and include all the active homebuilders within Inspirada, the community currently being developed by South Edge. At the time of the hearings in the underlying bankruptcy case on the involuntary petition and the appointment of the Chapter 11 trustee (the "Underlying Action"), the Builder Members' interests were being adequately protected by South Edge which was actively defending the involuntary petition and trustee motion. Additionally, the Builder Members appeared at the first status conference, controlled the management committee, hired and instructed South Edge's counsel, and actively monitored and attended all proceedings in the Underlying Action. Therefore, the Builder Members did not enter a formal appearance in the Underlying Action.

3. On February 14, 2011, after entry of the Orders, the Tenth Circuit decided the case of <u>C.W. Mining Co.</u> On February 21, 2011, the Builder Members timely filed their own notice of appeal from the Orders.[2]

. . .

## III.
## LEGAL ARGUMENT

**A.  THE BUILDER MEMBERS MEET THE REQUIREMENTS FOR LEAVE TO INTERVENE ON APPEAL.**

A party may intervene in a pending appeal under Fed. R. Civ. P. 24(a) or (b). <u>See</u> <u>Int'l Union v. Scofield</u>, 382 U.S. 205, 217 n. 10 (1965). The Ninth Circuit permits intervention after

---

[1] Duplicative versions of the Trustee Order were entered on February 3 and February 4, 2011.

[2] Fed. R. Bankr. P. 8002(a) provides that a party has 14 days after a notice of appeal is filed to file its own notice of appeal. In this case, the Relief Order and Trustee Order were entered on February 3, 2011. South Edge filed its Notice of Appeal on February 8, 2011. Therefore, any remaining parties were required to file any notices of appeal by February 22, 2011.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102738-001/1142913_7.doc

4

judgment for the purpose of appeal. See Warren v. C.I.R., 302 F.3d 1012 (9th Cir. 2002)(citing Alaska v. Suburban Propane Gas Corp., 123 F.3d 1317, 1319 (9th Cir.1997)(holding that putative class member could intervene for the purpose of appeal after parties settled claims and district court entered final judgment); United States ex rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 719-20 (9th Cir. 1994)(holding that nonparty could intervene on appeal after parties filed stipulation of dismissal in district court)). Intervention on appeal is governed by Rule 24 of the Federal Rules of Civil Procedure. See Landreth Timber Co. v. Landreth, 731 F.2d 1348, 1353 (9th Cir. 1984), rev'd on the merits, 469 U.S. 1016 (1984). In determining whether intervention is appropriate, the court is guided "primarily by practical and equitable considerations." Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).

1. **The Builder Members Meet The Requirements For Intervention As a Matter Of Right.**

A motion for intervention as a matter of right under Fed. R. Civ. P. 24(a) requires satisfaction of four criteria: (1) the motion must be timely; (2) the proposed intervenor must assert an interest relating to the property or transaction which is the subject of the action; (3) the proposed intervenor must be so situated that without intervention the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the party's interest must be inadequately represented by the other parties. See Californians for Safe Dump Truck Transp. v. Mendonca, 152 F.3d 1184, 1189 (9th Cir. 1998) (citing Forest Conservation Council ("FCC") v. United States Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995)). Fed. R. Civ. P. 24(a) should be construed in favor of potential intervenors. See Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 817 (9th Cir. 2001)

. . .

a. The Builder Members' Motion Is Timely.

In determining whether a motion to intervene is timely, the court considers: (1) the state of the proceeding at which the applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and the length of the delay. United States v. Washington, 86 F.3d 1449, 1503 (9th Cir. 1996). "Delay is measured from the date that its interests would no longer be protected

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102738-001/1142913_7.doc

adequately by the parties, not the date [the intervenor] learned of the litigation." Id. (citing Officers for Justice v. Civil Serv. Comm'n of San Francisco, 934 F.2d 1092, 1095 (9th Cir. 1991)). "The timely application requirement under Rule 24 was not intended to punish [an intervenor] for not acting more promptly but rather was designed to insure that the original parties should not be prejudiced by the intervener's failure to apply sooner." McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1074 (5th Cir. 1970). Where a motion to intervene for the purposes of appeal is filed within the time to appeal, it will be considered timely. Alaska, 123 F.3d at 1320.

Here, the deadline to file a notice of appeal does not run until February 22, 2011. Furthermore, the Builder Members have acted promptly upon learning that their protected interests may no longer be protected. No other party in interest will be prejudiced by intervention as initial briefs are not due until March 4, 2011. In that regard, the Builder Members will submit an opening brief by the deadline (or file a consolidated brief with South Edge) and will not request any delay in the briefing schedule set by this Court.

    b. <u>The Builder Members Are Interested Parties With A Protectable Interest.</u>

An applicant filing a timely motion to intervene also must demonstrate that it has a significantly protectable interest in the subject matter of the underlying litigation. Fed. R. Civ. P. 24(a).

> An applicant has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims. . . . An applicant satisfies the relationship requirement if resolution of plaintiff's claims will actually affect the applicant.

CEP Emery Tech Investors LLC v. JPMorgan Chase Bank, N.A., No. 09-04409, 2010 WL 1460263, at *3-4 (N.D.Cal. Apr. 12, 2010)(citations omitted).

As the majority equity holders of South Edge, the Builder Members have a direct financial interest in the Appeal. As Homebuilders within Inspirada, the Builder Members have contractual interests related to the Appeal. See Southwest Center for Biological Diversity, 268 F.3d at 822 (finding that homebuilders had a legally protected interest where a proceeding could

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102738-001/1142913_7.doc

6

impact a contractually binding implementation agreement related to the development in which the homebuilders had ongoing projects). As more fully discussed below, both interests will be directly impacted by the outcome of the appeal and the Builder Members will be directly affected by the disposition of the Appeal. Therefore, the Builder Members are interested parties with legally protected interests.

        c.      The Builder Members' Interests May Be Impaired By Disposition Of The Appeal.

To demonstrate impairment, it is necessary to show only that the disposition of an action may adversely affect the Builder Members' rights. See Washington, 86 F.3d at 1503. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24 advisory committee's notes.

The Orders significantly impacted the rights and obligations of South Edge. Specifically, the Orders immediately had a negative impact on the value of the Builder Members' equity interests because the Orders transferred control of South Edge to a trustee. The disposition of this Appeal will have further pecuniary impacts for the Builder Members by again impacting the value of their equity interests. Furthermore, the decision on appeal will have a substantial effect on the rights and obligations of the Builder Members as members of South Edge by directly impacting what the Builder Members are entitled to do and what the Builder Members may be restrained from doing.

The Orders further impact the rights of the Builder Members in their capacity as homebuilders at Inspirada. Here, there are significant development agreements and contracts in place, not only between the Builder Members and South Edge, but also ultimately between the Builder Members and third-parties. The disposition of the Appeal may directly alter the rights and obligations under those agreements and contracts and therefore, alter the legally protected interests of the Builder Members.

The impact on the Builder Members' protectable interests is so significant that the Builder Members constitute "aggrieved persons" with an independent basis to participate in this

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102738-001/1142913_7.doc

7

Appeal. Under Ninth Circuit authority, "An appellant is aggrieved if directly and adversely affected pecuniarily by an order of the bankruptcy court; in other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights." In re P.R.T.C., Inc., 177 F.3d 774, 777 (9th Cir. 1999)(citing In re Fondiller, 707 F.2d 441, 442 (9th Cir. 1983).

Because the Builder Members' equity interests, and potentially their contractual interests, have been detrimentally affected by the entry of the Orders, the Builder Members filed their Notice of Appeal and are entitled to be heard in this action. This Motion has been filed as a protective measure in order to make certain that the Builder Members participation in this appeal is procedurally proper.

    d. <u>The Builder Members' Interests May Not Be Adequately Protected.</u>

"Whether an applicant's interests will be adequately represented by an existing party depends on whether (1) the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) the present party is capable and willing to make such arguments; and (3) the party seeking to intervene would offer any necessary elements to the proceedings that other parties would neglect." <u>CEP Emery Tech Investors LLC</u>, 2010 WL 1460263, at *3-4. "The burden of showing inadequacy is minimal, meaning that the applicant need only show that representation of its interests by existing parties may be inadequate." <u>Id</u>.

It is well settled that only an alleged debtor generally has standing to oppose an involuntary petition filed against it. <u>See</u> 11 U.S.C § 303(d); <u>see also</u> <u>In re QDN, LLC</u>, 363 Fed.Appx. 873, 875-876 (3rd Cir. 2010). Thus, the Builder Members did not file (and could not have filed) an answer to the involuntary petition.[3] However, the Builder Members were active in the Underlying Action as they appeared at the first status conference, controlled the management committee, hired and instructed South Edge's counsel, and actively monitored and attended all proceedings in the Underlying Action.

In the recently decided <u>C.W. Mining Co.</u> case, the Tenth Circuit held that "following the appointment of a trustee in a corporate Chapter 7 bankruptcy, the corporation's former managers

---

[3] Moreover, the Builder Members did not join in the opposition to the motion to appoint an interim trustee because one of the bases of South Edge's opposition was the lack of legitimacy of the involuntary petition itself.

8

are not authorized to bring the corporation's appeal" and that such appellate rights on behalf of the debtor may be pursued only by the Chapter 7 trustee. C.W. Mining Co., 2011 WL 490666, at *7. The C.W. Mining Co. case is distinguishable for many reasons, but none more obvious than it involves a Chapter 7 bankruptcy case in which a debtor's assets are liquidated at the direction of a trustee, as contrasted with the instant case in which the Lenders sought and obtained the entry of an order commencing a Chapter 11 reorganization case and in which a Chapter 11 trustee has been appointed to, among other things, prepare a plan of reorganization.

The C.W. Mining Co. decision is not binding on this Court, and given its flawed reasoning, the Builder Members do not believe it should be adopted by this or any other court. However, if its reasoning were adopted, its application could divest South Edge of its appeal rights, and ultimately, leave no party with the ability to appeal the Orders. Specifically, if the Tenth Circuit's reasoning in C.W. Mining Co.[4] is applied to this case, South Edge's rights to appeal would be deemed transferred to the appointed trustee who may determine not to continue prosecution of the Appeal. In that event, it is possible that the Orders would be insulated from review at the instance of private parties whose interests are opposed to the interests of the parties that are truly aggrieved by the Orders.

As such, the Builder Members' interests, which were once believed to be adequately represented by South Edge, may now not be represented at all. Therefore, leave to intervene should be granted.

2. **The Builder Members Meet The Requirements For Permissive Intervention.**

A motion under Fed. R. Civ. P. 24(b) requires that: (1) the Builder Members timely file a motion to intervene; (2) the Builder Members have a claim or defense that shares a common question of law or fact with the main action; (3) independent grounds for jurisdiction exist; and (4) that intervention will not "unduly delay or prejudice the adjudication of the original parties'

---

[4] The Builder Members contend that, even if this Court were to adopt the reasoning set forth in C.W. Mining, the reasoning would not be applicable to the instant appeal because C.W. Mining is easily distinguished from the facts of this Appeal. Among other things, this is a Chapter 11 case and a Chapter 11 Trustee is not likely to divest the current management of all interest as South Edge will merely become a debtor-out-of-possession, but remain an interested party for purposes of the Bankruptcy Case.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102738-001/1142913_7.doc

9

rights." See Fed. R. Civ. P. 24(b); see also S. California Edison Co. v. Lynch, 307 F.3d 794, 803 (9th Cir. 2002). As required, the Builder Members timely filed their Motion,[5] the Builder Members' claims share a common question of law with the Appeal, independent grounds for jurisdiction exist, and the Motion will not result in delay or prejudice.

First, the Builder Members' interests in the Appeal do not differ from that of South Edge. In fact, both raise the same legal issues in this Appeal, whether South Edge belongs in bankruptcy and whether a trustee should be appointed. Since the Builder Members' claims in the Appeal align with those of South Edge, the Builder Members' claim indisputably shares common questions of law and fact with the Appeal. The claims are thus within the requirement of Fed. R. Civ. P. 24 and intervention should be allowed.

Second, the Builder Members seek to pursue the same claims and defenses currently being pursued in the Appeal by South Edge. As the Court properly has jurisdiction over the appeal from the Bankruptcy Court pursuant to 11 U.S.C. §158(a),[6] the Court properly has independent jurisdiction over the Builder Members' claims.

Finally, Intervention will not cause undue delay or prejudice. First, the time to file a notice of appeal has not yet run. Therefore, as the Builder Members are acting within a time in which any interested party could still properly appear, no prejudice will result. Second, a briefing schedule was only entered on February 16, 2011, which scheduled South Edge's opening brief to be filed by March 4, 2011. The Builder Members will be prepared to file their opening brief on March 4, 2011.

## IV.
## CONCLUSION

The Builder Members respectfully request that this Court grant leave for the Builder Members to intervene in the Appeal. The Builder Members seek such further and other relief as

---

[5] As timeliness was addressed in Section A(1)(a), it will not be addressed separately here.

[6] 11 U.S.C. § 158(a) state, in relevant parts:
  (a) The district courts of the United States shall have jurisdiction to hear appeals
    (1) from final judgments, orders, and decrees;

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102738-001/1142913_7.doc

10

1  the Court deems just and proper.

2  DATED this 21 day of February, 2011

3  GORDON SILVER

4

5  By: _____
   GREGORY E. GARMAN, ESQ.
   WILLIAM M. NOALL, ESQ.
6  TERESA M. PILATOWICZ, ESQ.
   Attorneys for the Builder Members

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102738-001/1142913_7.doc

11